UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NASSER SABER,                                         :
                                                      :
                              Plaintiff,    :
                                                      :    15-cv-5944 (LGS)
                - against -                  :
                                                      :
                                                      :
NEW YORK STATE DEPARTMENT OF                          :
FINANCIAL SERVICES,                                   :
                                                      :
                              Defendant.    :
------------------------------------------------------------------x

DECLARATION OF MARGARET McINTYRE
IN SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

Pursuant to 28 U.S.C. § 1746, MARGARET McINTYRE declares as follows:

1. In early June 2017, I became counsel to Plaintiff Nasser Saber (hereinafter "Plaintiff") for purpose of complementing the work of Doris G. Traub, lead counsel for Plaintiff Nasser Saber, with the trial of this matter.

2. I submit this declaration in support of Plaintiff's motion for reasonable attorneys' fees and other discretionary costs, pursuant to Title VII of the Civil Rights Act of 1964, as amended., 42 U.S.C. § 2000e-5(k), for the work performed on his behalf in this action.

3. I am an attorney in good standing, admitted to practice law in the State of New York and in the United States District Courts for the Southern, Eastern and Northern Districts of New York. I am also admitted to practice before the United States Court of Appeals for the Second Circuit. I was admitted to practice law in the State of New York in June 1996. I have been practicing in the United States District Court for the Southern and Eastern Districts of New York since October 1996.

4.	Since being admitted to practice in 1996, I have practiced almost exclusively plaintiff's side employment law. I began as an associate with the law firm of Davis & Eisenberg, where I worked from June 1996 until August 1997. In August 1997, I opened my own practice.

5.	Since August 1997, I have maintained my own practice of law in the State of New York, County of New York. Since June 2017, I have maintained my office at 11 Broadway, Suite 615, New York, New York 10004.

6.	On behalf of Plaintiff, I seek to recover attorney's fees at the hourly rate of $400 for my work in this matter. I request this rate because it is the rate at which Plaintiff agreed to pay me as detailed in the revised retainer agreement that Plaintiff entered into with Traub & Traub, P.C., when I came on board. *See* Exhibit A annexed to Declaration of Doris G. Traub. Plaintiff agreed to pay me $200 per hour for my services as fees were incurred and seek an additional $200 for each hour spent should we prevail at trial.

7.	The hourly rate of $400 that I request in this matter is somewhat below the market rate for attorneys like myself who have been admitted to the Bar for more than 20 years, and who have attained a similar level of expertise in the area of employment law and litigation. My representation of employees has included those with discrimination claims in all of the protected categories against whom discrimination is prohibited as well as claims for failure to provide wages and benefits to which employees are entitled. As a sole practitioner, I handle each matter from its inception through its conclusion.

8.	I am a long-time member of the National Employment Lawyers Association, a plaintiff's employment lawyers association, and a long-time active member of its New York Affiliate (NELA/NY).

9.	From 2000 to 2009, I was Co-Chair of NELA/NY's Sexual Harassment Committee.

10. In December 2005, I was selected by the NELA/NY Executive Board to become a member of that Board and, in December 2008, I was voted Executive Secretary to the Board. I served as Co-Vice President of the Board in 2014 and 2015.

11. From 2010 through 2017, I was a member of the NELA/NY Amicus Committee. In December 2010, I authored an amicus brief filed by NELA/NY with the United States Court of Appeals for the Second Circuit on behalf of Plaintiff-Appellant Victoria Grey-Allen in the matter *Townsend and Grey-Allen v. Benjamin Enterprises, Inc.*, 09-0197(L)(09-4509)(XAP). I co-edited multiple briefs on behalf of the Amicus Committee.

12. I have been a member of NELA/NY's Legislative Committee since 2014 and Chair of that committee since 2016, and I was recently honored for my legislative advocacy at NELA/NY's Annual Gala in November 2017.

13. I have made presentations at the semi-annual conferences on employment law sponsored by NELA/NY, in 2001 on the topic of recent case law in the Second Circuit and in 2010 on the topic of sexual harassment in employment. I have also presented at less formal CLE programs offered by NELA/NY, most recently on January 25, 2018, on the topic of confidentiality agreements in employment law.

14. I am a 1995 graduate of CUNY Law School and an active member of Community Legal Resource Network ("CLRN"), an initiative sponsored by CUNY Law School to assist its graduates who practice in small law firms to bring affordable legal services to traditionally under-served communities.  I am currently Co-Facilitator of CLRN's Labor and Employment Practice Group.  Through my involvement in that group, I have planned several continuing legal education courses for members of CLRN and the CUNY alumni community.  Most recently, on

August 23, 2016, I presented a CLE entitled "Spotlight on Employment Law: A Challenge to Pervasive Confidentiality Provisions."

15. Since being in private practice, I have handled numerous cases in the Southern and Eastern Districts of New York as well as in New York State Supreme Court, and two appeals before the Second Circuit Court of Appeals. I have obtained favorable rulings at both the appellate and district court levels in handling claims of employment discrimination, including the following matters:

> *Green v. Dist. Council 1707, AFSCME*, 600 Fed. Appx. 32 (2015) (successfully sought reversal of District Court's dismissal of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure);
>
> *Siracuse v. Program for the Development of Human Potential*, 2012 U.S. Dist. LEXIS 73456, Docket No. 07-CV-2200 (CLP)(E.D.N.Y.) (jury verdict in favor of plaintiff on claim of disability discrimination).
>
> *Klings v. New York State Office of Court Administration,* Docket No. 04-CV-3400(KAM)(LB)(E.D.N.Y. 2010) (defeated defendant's motion for summary judgment in plaintiff's sex discrimination claim);
>
> *Davis-Elliott v. New York City Department of Education*, 31 AD3d 266(1st Dep't 2006) (successfully argued that lower court properly denied motion to dismiss for failure to state a claim of employment discrimination based on criminal conviction history); and
>
> *Williams v. New York City Housing Authority,* 154 F.Supp.2d 820 (S.D.N.Y 2001) (successfully opposed motion to dismiss and established precedent that a single incident involving a noose in the workplace could be considered severe enough to support a racially hostile work environment).

16. In addition to the work identified above, I have also handled scores of cases involving claims of employment discrimination, as well as wage and benefit claims, that ended in favorable settlements for my clients.

17. The time that I have spent on this case is reasonable. My time sheets, annexed hereto as Exhibit A, reflect the time that I expended on legal work on behalf of Plaintiff.  The

4

time sheets reflect my time from June 6, 2017, when I first began rendering legal services on behalf of Plaintiff, through the end of February 2018.

18. The attached statement of time is based on contemporaneous time records. I maintain a practice of entering my time directly into my word processing program upon completion of the task at hand. At the end of each month, or when a page of my time sheets becomes full, I review my time records to ensure that the amount of time noted is reasonable based on the work performed and, if necessary, I reduce any entries accordingly. I then use my computer software to add up the number of hours on a page. Before submitting this declaration and attached time sheets, I reviewed the time sheets for accuracy, printed them out and manually added the totals on the bottom of each page to reach a total number of hours expended in this matter. In reviewing my time sheets in connection with the application, I did not add any entries that were not recorded contemporaneously.

19. As indicated by my time sheets, between the date that I became counsel for Plaintiff and the date of this submission, my work included:

- Researching legal issues raised in existing pretrial submissions;
- Drafting portions of Plaintiff's Opposition to Defendant's motion *in limine*;
- Participating in the contested request to re-open discovery before trial;
- Participating in a settlement conference;
- Assisting with preparation for depositions;
- Researching issues surrounding defendant's request for confidentiality;
- Researching and updating of pretrial submissions;
- Researching and drafting opposition to Defendant's Pretrial Memorandum of Law;
- Researching and drafting opposition to Defendant's second motion *in limine*;
- Assisting with trial preparation in the form of strategizing, organizing exhibits and preparing witnesses for trial;
- Researching and drafting submissions to court regarding jury instructions and the verdict sheet;

- Attending each day of trial and co-preparing for the next day's proceedings;
- Questioning one of Plaintiff's witnesses at trial;
- Researching and drafting portions of Plaintiff's Opposition to Defendant's Post-Trial Motion;
- Researching and drafting portions of Plaintiff's Motion for Attorney's Fees and Costs; and
- Editing portions of Plaintiff's Motion for Equitable Relief.

20. Based upon my calculation of all of my time through February 2018, I incurred $114,200 in attorney's fees on Plaintiff' behalf, which represents 285.5 hours at an hourly rate of $400.00.

21. The fees and costs set forth herein do not include further work on this motion past February 28, 2018. Plaintiff will supplement his request for fees and costs to reflect all work done on this matter as of the time he submits his Reply in this motion.

22. In sum, all of the time expended was reasonable and necessary to properly represent Plaintiff in connection with pretrial proceedings, trial and post-trial submissions in this case. On behalf of Plaintiff, I request that the Court award him full compensation for fees incurred in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
March 14, 2018

/s/
Margaret McIntyre